UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:13-CV-097 |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 98.220.153.245 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Comes now Defendant, John Doe, subscriber assigned IP address 98.220.153.245

(hereinafter "John Doe") by counsel Fred W. Grady, and in response to Plaintiff, Malibu Media,

LLC's, (hereinafter "Malibu") Complaint-Action for Damages for Property Rights Infringement

as filed herein on March 14, 2013, states as follows:

### Response to Allegations

1. That the allegations contained in Paragraph 1 of Plaintiff's Complaint constitute legal

conclusions to which no response is required, however to the extent a response is required,

Defendant John Doe denies the allegations.

2. That Defendant John Doe denies the allegations contained in Paragraph 2 of Plaintiff's

Complaint.

3. That Defendant John Doe is without sufficient knowledge or information to form a

belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and

therefore denies the same.

4. That Defendant John Doe admits that the Court has subject matter jurisdiction over actions brought under Title 28 U.S.C. §§ 1331.

5. That Defendant John Doe denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11. Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same..

19. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

20. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore denies the same.

26. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28. That Defendant John Doe incorporates the responses to the allegations contained in Paragraphs 1 through 27 herein, in response to the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore denies the same.

30. That Defendant John Doe denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. That Defendant John Doe is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32. That Defendant John Doe denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. That Defendant John Doe denies committing the allegations of infringements alleged in Paragraph 33 of Plaintiff's Complaint.

WHEREFORE, Defendant John Doe subscriber assigned IP address 98.220.153.245 respectfully prays that the Plaintiff's Complaint-Action for Damages for Property Rights

Infringement be dismissed in its entirety, and that the Plaintiff take nothing thereby, and further that said Defendant be awarded all costs expended in defense of this matter, including attorney's fees, and for all other just and proper relief in the premises.

Respectfully submitted,

/s/_____
Fred W. Grady
Harris Bank Building, Suite One
750 S. Washington Street
Valparaiso, Indiana 46383
Attorney No. 7241-64
(219) 462-2460

ATTORNEY FOR DEFENDANT/
COUNTERCLAIMANT JOHN
DOE subscriber assigned IP address)
98.220.153.245

## AFFIRMATIVE DEFENSES

Comes now Defendant John Doe subscriber assigned IP address 98.220.153.245, (hereinafter "John Doe") and asserts the following affirmative defenses in response to the allegations made in Plaintiff Malibu Media, LLC,s, (hereinafter "Malibu") Complaint-Action for Damages for Property Rights Infringement, as follows:

### First Affirmative Defense – Failure to State a Claim

That Plaintiff Malibu's Complaint-Action for Damages for Property Rights Infringement fails to state a claim upon which relief can be granted.

### Second Affirmative Defense – Fair Use

That Defendant John Doe's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed work.

6

### Third Affirmative Defense – Invalid Copyright

That Plaintiff Malibu's copyrights are invalid and/or unenforceable.

### Fourth Affirmative Defense – Implied License

That Plaintiff Malibu authorized, impliedly or explicitly, any infringing use of its works, and its claims as set forth in it's Complaint-Action for Damages for Property Rights Infringement are therefore barred by the doctrine of implied license.

### Fifth Affirmative Defense – Misuse of Copyright

That Plaintiff Malibu's claims are barred by the doctrine of misuse of copyright.

### Sixth Affirmative Defense – Abandonment

That Plaintiff Malibu's claims are barred as a result of Plaintiff Malibu's abandonment of its intellectual property.

### Seventh Affirmative Defense – Good Faith Intent

That any action by Defendant John Doe with regard to any of Plaintiff Malibu's claims are barred because such actions were made in good faith and without any intent to infringe Plaintiff Malibu's work.

### Eighth Affirmative Defense – First Sale Doctrine

That Plaintiff Malibu's claims are barred pursuant to 17 U.S.C. § 109, commonly known as the first sale doctrine, and also regularly referred to as "exhaustion."

### Ninth Affirmative Defense – Online Copyright Infringement Liability Limitation Act

That Defendant John Doe is not liable to Plaintiff Malibu pursuant to 17 U.S.C. § 512, commonly known as the "Online Copyright Infringement Liability Limitation Act."

### Tenth Affirmative Defense – Unclean Hands

That Plaintiff Malibu should not recover any damages under the doctrine of unclean hands.

Respectfully submitted,

/s/ _____

Fred W. Grady
Harris Bank Building, Suite One
750 S. Washington Street
Valparaiso, Indiana 46383
Attorney No. 7241-64
(219) 462-2460

ATTORNEY FOR DEFENDANT/
COUNTERCLAIMANT JOHN
DOE subscriber assigned IP address)
98.220.153.245

## COUNTERCLAIMS

Comes now Defendant John Doe subscriber assigned IP address 98.220.153.245, (hereinafter "John Doe") and counterclaims against Plaintiff Malibu Media, LLC, (hereinafter "Malibu") as follows:

### Parties

1. That Defendant/Counterclaimant John Doe is an individual residing Lake County, Indiana

2. On Plaintiff/Counter Defendant's assertion, Plaintiff/Counterclaim-Defendant Malibu is a Limited Liability Corporation located at 409 W. Olympic Boulevard, Suite 501, Los Angeles, California 90015.

## Jurisdiction and Venue

3. That this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and Defendant/Counterclaimant John Doe's counterclaims are related to the claims in the original action such that they form part of the same case or controversy and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4. That personal jurisdiction is proper over Plaintiff/Counterclaim-Defendant, as Malibu has purposefully availed itself to this Court's jurisdiction as a result of filing the original action.

5. That venue under Defendant/Counterclaimant John Doe's counterclaim against Malibu is proper pursuant to 28 U.S.C. § 1391.

## Background

6. That Plaintiff/Counterclaim-Defendant Malibu is a producer of pornographic content materials.

7. That according to State of California records, Malibu was formed as a Limited Liability Corporation on February 8, 2011.

8. That Plaintiff/Counterclaim-Defendant Malibu is represented by a law firm that routinely sues numerous defendants in copyright infringement actions.

9. Plaintiff/Counterclaim-Defendant Malibu has a sophisticated business model that consists of producing low-cost, low-quality works that do not clearly qualify for copyright infringement. On information and belief, Malibu makes its "works" freely available via a torrent protocol, where they are sure to be accessed and "shared" by other users.

10. Once this seed is planted, Plaintiff/Counterclaim-Defendant Malibu and its counsel retain the services of IPP Limited, its "investigator" to log IP Addresses accessing its works. (*See*

Complaint at ¶ 17.) and upon a critical mass of IP Addresses being acquired, Plaintiff/Counterclaim-Defendant Malibu files suit against numerous "John Doe" defendants, immediately seeking subpoena power to identify the account holders.

11. Upon receiving the name and address of the account holders, Plaintiff/Counterclaim-Defendant Malibu makes substantial monetary demands of account holders, in amounts primarily intended to preclude the specter of litigation.

12. On information and belief, Malibu Media, LLC, is named plaintiff in no less than five hundred (500) copyright infringement actions as of August 21, 2013, despite being a registered LLC for approximately two and a half years.

13. On information and belief, Plaintiff/Counterclaim-Defendant Malibu is a corporation formed solely for the purposes of creating copyright registrations and suing an extensive number of defendants for financial gain.

14. On information and belief, Plaintiff/Counterclaim-Defendant Malibu makes no attempt to sell or otherwise use its copyrights for any purposes outside of suing alleged downloaders.

15. On information and belief, Plaintiff/Counterclaim-Defendant Malibu itself uploads or otherwise makes its content available on torrent protocols for purposes of creating opportunity to sue and demand payments from numerous alleged infringers.

16. On information and belief, Plaintiff/Counterclaim-Defendant Malibu takes no affirmative protective steps of a technical nature to preclude the copying or unauthorized exploitation of its work.

17. On information and belief, Plaintiff/Counterclaim-Defendant Malibu takes no steps to label or otherwise identify its works as subject to copyright protection.

18. On information and belief, Plaintiff/Counterclaim-Defendant Malibu generates no revenue from the exploitation of the intellectual property allegedly at issue, other than the litigation scheme described above.

19. Plaintiff/Counterclaim-Defendant Malibu's failure to take reasonable steps to protect its property creates an implied license for Defendant/Counterclaimant John Doe and others to access Malibu's work.

20. Plaintiff/Counterclaim-Defendant Malibu placed no restrictions on who could access its work, or how often its work could be accessed.

21. By Plaintiff/Counterclaim-Defendant Malibu's own admission, numerous other individuals have exploited Plaintiff/Counterclaim-Defendant Malibu's work at issue in this matter.

### First Counterclaim – Misuse of Copyright

22. Plaintiff/Counterclaim-Defendant Malibu intentionally made its unprotected works available via a torrent protocol it knew would lead to mass distribution of its works.

23. Plaintiff/Counterclaim-Defendant Malibu did nothing to restrict access to its allegedly copyrighted works.

24. On information and belief, Plaintiff/Counterclaim-Defendant Malibu affirmatively "shared" its works via a torrent protocol to ensure that its works would be readily searched, indexed, and accessed such that it would artificially create the basis of a copyright infringement claim.

25. As a result of Plaintiff/Counterclaim-Defendant Malibu's misuse of its copyrights, such copyrights should be invalidated and Defendant/Counterclaimant John Doe is entitled to any damages and/or appropriate attorney's fees and costs, to be determined at trial.

## Second Counterclaim – Declaratory Judgment of Fair Use

26. There is actual controversy between the Parties regarding the issue of copyright infringement.

27. Defendant/Counterclaimant John Doe did not profit or attempt to profit from its alleged use of Plaintiff/Counterclaim-Defendant Malibu purported work.

28. Defendant/Counterclaimant John Doe seeks a declaratory judgment that any access by Defendant/Counterclaimant John Doe constitutes fair use of any alleged copyright.

29. Any alleged use of the works at issue cause no damage to Plaintiff/Counterclaim-Defendant Malibu, nor has it adversely affected the value of Plaintiff/Counterclaim-Defendant Malibu's works allegedly at issue in this action.

30. Plaintiff/Counterclaim-Defendant Malibu lost no revenue as a result of Defendant/Counterclaimant John Doe's alleged use of the works.

31. Any alleged use had no effect on the market for, or any value of, Plaintiff/Counterclaim-Defendant Malibu's works allegedly at issue in this action.

32. Defendant/Counterclaimant John Doe is entitled to a declaratory judgment, pursuant to 28 U.S.C. § 2201, that any alleged access of Plaintiff/Counterclaim-Defendant Malibu's work is a fair use under copyright law.

## Third Counterclaim – Declaratory Judgment of Implied License

33. There is actual controversy between the Parties regarding the issue of copyright infringement.

34. Plaintiff/Counterclaim-Defendant Malibu intentionally posted its allegedly copyrighted works on the Internet such that they would be searched and accessed by numerous torrent protocol users.

35. Plaintiff/Counterclaim-Defendant Malibu takes no affirmative protective steps of a technical nature to preclude the copying or unauthorized exploitation of its works.

36. Plaintiff/Counterclaim-Defendant Malibu takes no steps to label or otherwise identify its works as subject to copyright protection.

37. Defendant/Counterclaimant John Doe is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201, that any alleged access of Plaintiff/Counterclaim-Defendant Malibu's works is subject to an implied license under copyright law.

### Fourth Counterclaim – Declaratory Judgment of Non-Infringement

38. There is actual controversy between the Parties regarding the issue of copyright infringement.

39. Even if Defendant/Counterclaimant John Doe did allegedly access Plaintiff/Counterclaim-Defendant Malibu's works, such behavior has not continued, and Defendant/Counterclaimant John Doe does not have any copy of Plaintiff/Counterclaim-Defendant Malibu's works.

40. Any alleged access that may have occurred was subject to the doctrine of fair use and an implied license granted by Plaintiff/Counterclaim-Defendant Malibu.

41. Defendant/Counterclaimant John Doe is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201, that Defendant/Counterclaimant John Doe did not infringe any of Plaintiff/Counterclaim-Defendant Malibu's purportedly protected works.

WHEREFORE, Defendant/Counterclaimant John Doe assigned IP address 98.220.153.245 respectfully prays for the following relief:

A. A finding and declaration that Plaintiff/Counterclaim-Defendant Malibu misused its copyrights;

B. A finding and declaration that Defendant/Counterclaimant John Doe has not infringed Plaintiff/Counterclaim-Defendant Malibu's purported copyrights;

C. A finding and declaration that any copyrights at issue held by Plaintiff/Counterclaim-Defendant Malibu are invalid;

D. A finding and declaration that Plaintiff/Counterclaim-Defendant Malibu granted an implied license for use of any of its works;

E. A finding and declaration that any use of Plaintiff/Counterclaim-Defendant Malibu's alleged copyrights constitutes fair use;

F. An award to Defendant/Counterclaimant John Doe for all damages sustained as a result of Pliintiff/Countclaimant-Defendant Malibu's actions;

G. An award to Defendant/Counterclaimant John Doe of reasonable attorney's fees and cost incurred with respect to this action; and

H. An award for all further just and proper relief, as the Court deems appropriate.

Respectfully submitted,


/s/_____
Fred W. Grady
Harris Bank Building, Suite One
750 S. Washington Street
Valparaiso, Indiana 46383
Attorney No. 7241-64
(219) 462-2460

ATTORNEY FOR DEFENDANT/
COUNTERCLAIMANT JOHN
DOE subscriber assigned IP address)
98.220.153.245

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 3rd day of October, 2013, he caused a full

and complete copy of Defendant's Answer, Affirmative Defenses and Counterclaim to be filed

electronically with the U.S. District Court for the Northern District of Indiana, Hammond

Division, with notice to be sent to opposing counsel for access by and through the Court's

electronic filing system.

Paul J. Nicolette, Esq.
Nicolette  & Associates, PLLC
36880 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48380


                                        /s/ Fred W. Grady_____
                                        Fred W. Grady