## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,     ) | |
|     ) | |
|     Plaintiff,     ) | Civil Case No. <u>2:13-cv-00097-JD-JEM</u> |
|     ) | |
| v.     ) | |
|     ) | |
| JOHN DOE subscriber assigned IP address     ) | |
| 98.220.153.245,     ) | |
|     ) | |
|     Defendant.     ) | |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS [CM/ECF 28]

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order dismissing the counterclaims [CM/ECF No. 14] ("Counterclaims") filed by Defendant and files this memorandum in support.

### I. INTRODUCTION

Defendant's Counterclaims attempt to allege counts for: (1) Misuse of Copyright; (2) Declaratory Judgment of Fair Use; (3) Declaratory Judgment of Implied License; and (4) Declaratory Judgment of Non-infringement. As a threshold matter, each of Defendant's counterclaims fails and should be dismissed as simply duplicating Defendant's Affirmative Defenses on the same points of law. Even if procedurally proper, which they are not, each of Defendant's counterclaims also fails to state a claim upon which relief can be granted.

Defendant's counterclaim for a declaratory judgment of misuse of copyright fails because copyright misuse is not a claim, but a defense. Defendant's counterclaim for a declaratory judgment of "fair use" fails because unauthorized peer-to-peer file sharing has been

1

repeatedly held not to constitute fair use.  Defendant's counterclaim for a declaratory judgment of "implied license" should be dismissed because it fails to allege—and cannot allege—each of the elements of an implied license.  Defendant's claim for a declaratory judgment of non-infringement should be dismissed because it is a denial and redundant of Defendant's Answer and Affirmative Defenses, and it fails to allege any facts that could establish a finding of non-infringement.

## II.   **ARGUMENT**

### A.   **Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain enough facts to state a claim for relief that is plausible on its face." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).  "[A]lthough the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.  Accordingly, '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'" *Id.*  "Detailed factual allegations are not required, but a plaintiff's complaint may not merely state 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Barker v. Life Ins. Co. of N. Am.*, 2009 WL 8359455 at *1 (S.D. Ind. 2009) (*quoting Ashcroft v. Iqbal,* 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

**B.     Each of Defendant's Counterclaims Should be Dismissed as an Improper "Repackaging" of Affirmative Defenses**

As a threshold matter, each of Defendant's counterclaims fails and should be dismissed as an inappropriate "repackaging" of his affirmative defenses on the same points. "Under the Declaratory Judgment Act, 28 U.S.C. § 2201, Congress authorized, but did not command, district courts to issue declaratory judgments." *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 05 C 6656, 2006 WL 3782916 (N.D. Ill. Dec. 20, 2006). "Thus, 'if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before ... dismissing the action.'" *Id.*

Accordingly, numerous courts have used that discretion to dismiss counterclaims where they "merely restate an issue already before this Court." *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (dismissing a counterclaim that mirrors an affirmative defense because "[i]t adds nothing to the pleadings … already put before this Court.") *See also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declarations are simply unnecessary. If Defendant wins at trial, the jury's verdict will find him or her not liable and validate either the denial of liability or affirmative defenses already pleaded.

Here, Defendant has already pleaded the defenses of: (a) Misuse of Copyright, (b) Fair Use, (c) Implied License and (d) Non-Infringement as affirmative defenses in the same pleading. *See* Affirmative Defenses, at ¶¶ 5, 2, 4 and 1, respectively.  Defendant's redundant counterclaims are thus clearly a "repackaging" of its affirmative defenses, provide no basis for an independent action and are properly dismissed.

## C.      Defendant Fails to State a Claim for a Declaratory Judgment of Misuse of Copyright

Defendant's counterclaim for a declaratory judgment of misuse of copyright should be dismissed because copyright misuse is not an independent claim.  "Courts finding that copyright misuse may not be affirmatively asserted have generally done so on the ground that to plead an affirmative defense as an independent claim seeks an illegitimate litigation advantage." *Nielsen Co. (US), LLC v. Truck Ads, LLC*, 08 C 6446, 2011 WL 221838 (N.D. Ill. Jan. 24, 2011). "[C]opyright misuse is not a claim but a defense, and [Defendant] may not transmute it into an independent claim merely by labeling it one for 'declaratory judgment.'" *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005).  "Defendant's request for damages in relation to misuse of copyright cannot be sustained." *Malibu Media, LLC v. Doe 1*, 2012 WL 6681990 (D.Md.), 2 (D.Md.,2012). *See also Warner/Chappel Disc, Inc. v. Pilz Compact Disc, Inc.*, 1999 WL 999332, at *6 n.5 (E.D. Pa. 1999) ("In any event, the Court would not permit an affirmative claim of copyright abuse to go forward.  There is no authority in this Circuit for such a claim, and virtually no authority in any Circuit for such a claim either.")

## D.      Defendant Fails to State a Claim for a Declaratory Judgment of Fair Use

Defendant's counterclaim for a declaratory judgment of fair use fails because unauthorized peer-to-peer file sharing is not "fair use." *See, e.g., BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (holding that "downloading full copies of copyrighted material

4

without compensation to authors cannot be deemed 'fair use'"); *Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011) (noting rejection of fair use defense by copyright infringement defendant); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001) (holding that uploading and downloading of digital audio files containing copyrighted music through internet service facilitating transmission and retention of such files by users was not fair use of copyrighted works).

In this regard, the allegations that Defendant "did not profit or attempt to profit" from the use of Plaintiff's work, or that the use had "no effect" on the market for or value of Plaintiff's work are irrelevant. Counterclaims, ¶¶ 27, 31. As stated in the *Tenenbaum* decision, Congress has interpreted the "financial gain" required for a finding of infringement liability broadly to include "receipt, or expectation of receipt, of anything of value, including the receipt of other copyrighted works." *Tenenbaum*, 660 F.3d at 497 n.10, *quoting* 17 U.S.C. § 101. Defendant also cannot allege that the use was "non-commercial," as the courts have similarly interpreted such term broadly so as not to require a direct economic benefit conferred upon the infringer. *Id.*, *quoting A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015 (9th Cir. 2001) ("Direct economic benefit is not required to demonstrate a commercial use. Rather, repeated and exploitative copying of copyrighted works, even if the copies are not offered for sale, may constitute a commercial use.")

Defendant's counterclaim for a declaratory judgment of fair use thus contradicts established precedent and should be dismissed as a matter of law.

### E.   Defendant Fails to State a Claim for a Declaratory Judgment of Implied License

Defendant fails to state a claim for the declaration of the existence of an implied license because each of the elements of such license is missing from Defendant's counterclaim.

5

"[C]ourts have only found implied licenses in narrow circumstances where one party created a work at the [other's] request and handed it over, intending that [the other] copy and distribute it." *Malibu Media, LLC v. Doe*, 1:13-CV-30, 2013 WL 4048513 (N.D. Ind. Aug. 9, 2013).

"[A]n implied nonexclusive license has been granted when (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996) citing *Effects Assocs., Inc. v. Cohen,* 908 F.2d 555, 557–58 (9th Cir.1990).

None of the prongs of the *Effects* test above are met in this instance.  First, Defendant wholly fails to allege that he or she requested the work in question from Plaintiff.  *See generally*, Counterclaims.  Second, Defendant's allegation that Plaintiff "posted" its work on the internet does not equate to an allegation that Plaintiff created the work and delivered it to Defendant under an established "meeting of the minds."  *See, e.g., Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds."); *Duval Sulphur & Potash Co. v. Potash Co. of America*, 244 F.2d 698, 701 (10th Cir. 1957) ("To create an implied agreement one must have a meeting of the minds as in any contract, the variance from an express agreement being only the character of the evidence used to establish it.")

Third, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement.  *See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material.")

Fourth, Defendant expressly denied using BitTorrent or copying Plaintiff's works. *See* Answer at ¶30; *see also Malibu Media, LLC v. Doe*, 1:13-CV-30, 2013 WL 4048513 (N.D. Ind. Aug. 9, 2013) ("Defendant's Answer forecloses the possibility of an implied license defense.")

Defendant's counterclaim for the declaration of an implied license thus fails and should be dismissed.

### F. Defendant Fails to State a Claim for a Declaratory Judgment of Non-Infringement

Defendant's counterclaim for a declaratory judgment of non-infringement should be dismissed because it amounts to a denial of liability and a repackaging of Defendant's Affirmative Defenses. Defendant only denies "hav[ing] any copy of Plaintiff's works," and repeats his or her Affirmative Defenses of "fair use" and "implied license." Counterclaim, ¶¶ 39-40. The first portion of Defendant's argument amounts to a denial of liability already covered in Defendant's Answer. *See, e.g.*, Answer, ¶ 30.

The remainder of Defendant's allegations concerning its Affirmative Defenses of fair use and implied license warrant dismissal because, as established above, a counterclaim should be dismissed where it simply duplicates the arguments Defendant has already made by way of affirmative defense. *See* Affirmative Defenses, ¶¶ 2 (Fair Use), and 4 (Implied License). Recently, the District Court of Maryland ruled on these exact issues involving an identical counterclaim filed by defense counsel. Chief Judge Chasanow noted the lack of distinction between the defenses and counterclaims.

> Doe 1 offers no explanation as to how the counterclaims would clarify the parties' obligations. Defendant asserts, in conclusory fashion, that "a simple review of the answer and counterclaims demonstrates that there is little overlap between the defenses and counterclaims" (ECF No. 30, at 5), but presents no further analysis and, indeed, a "simple review" of the consolidated pleading reflects that there is no substantive distinction between the defenses and counterclaims. Courts have

7

typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses.

*Malibu Media, LLC v. Doe 1*, 2012 WL 6681990, 3 (D.Md. 2012).  "The Declaratory Judgment Act … 'is not intended to provide a forum for establishing the legal relations between declaratory defendants and 'all the world' '; rather, it only permits courts to clarify or settle "the legal relations of the parties" or to provide relief from the "uncertainty, insecurity, and controversy giving rise to the proceeding."'  *Id.*  In this case, allowing Defendant's declaratory judgment claims to move forward simply multiples the same issues that are already being adjudicated.

Finally, Defendant's counterclaim should be dismissed because Defendant fails to allege or even address the elements of copyright infringement.  "A plaintiff alleging copyright infringement must establish two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Janky v. Lake Cnty. Convention And Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, (1991).  Defendant fails to allege these elements, or any basic supporting facts to support a claim of non-infringement.  Defendant's counterclaim for a declaratory judgment of non-infringement should thus be dismissed.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss each of Defendant's Counterclaims with prejudice.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)     Granting Plaintiff's Motion to Dismiss Defendant's Counterclaims;

(B)     Dismissing Defendant's Counterclaims with prejudice; and

(C)     Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: November 7, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:     /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel:  (248) 203-7800
        Fax:  (248) 203-7801
        E-Fax: (248) 928-7051
        Email:  paul@nicoletti-associates.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Paul J. Nicoletti*

9